IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>AARON PRICE,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:17-CR-481 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant Aaron Price's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

      Defendant is currently serving a 36-month sentence for possession of a firearm by a convicted felon and a consecutive 21-month sentence for violating the terms of his supervised release in two prior cases that arose from his failure to report to probation after his release from custody, failure to report to the residential reentry center, and his commission of a new crime. While in custody, Defendant was the victim of a knife attack in March 2020. Because of the restrictions and limitations imposed by the Bureau of Prisons due to the COVID-19 pandemic, Defendant asserts that he has not received adequate medical care for his injuries from that attack. Defendant seeks release so that he may seek treatment on his own.

1

## II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[2]

The Court finds that Defendant is a danger to the community and his release fails to comport with the § 3553(a) factors. Therefore, even assuming he has exhausted his administrative remedies and demonstrated extraordinary and compelling reasons for release, his Motion must be denied.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[2] U.S.S.G. § 1B1.13.

The Sentencing Commission directs the Court to consider whether Defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  To determine whether a Defendant is a danger to the safety of any other person or the community under this provision, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[3]

Defendant's conduct here and his prior history demonstrate that he is a risk to the community.  Defendant has been before this Court three times.  In this case, Defendant was charged with being a felon in possession of a firearm.  Defendant was found in possession of a stolen firearm, various controlled substances, and currency.  Defendant admitted to selling narcotics and possessing the firearm for protection.  At the time of his arrest, Defendant had an outstanding warrant for failure to comply with the terms of supervision on his prior federal cases.  In his first federal case, Defendant was charged with being a felon in possession of a firearm and escape.  Defendant's second federal case was for escape after Defendant failed to return to the residential reentry center.  As stated, Defendant was in violation of the terms of his supervised

---

[3] 18 U.S.C. § 3142(g).

release in these two cases when he committed the offense in this case. Defendant has a lengthy history of failing to comply with court orders, which includes escape convictions in both the state and federal systems. He also has a long criminal history dating back to when he was very young, and his criminal conduct has continued largely unabated. Many of Defendant's convictions are theft and drug-related, but he also has a penchant for possessing weapons. Additionally, Defendant has incurred disciplinary action while in custody.

The Court is certainly sympathetic to Defendant's concerns, but he has failed to demonstrate that he does not pose a danger or that his release is consistent with the § 3553(a) factors. Under the § 3142(g) factors, Defendant presents a danger to the community. Continued confinement is also necessary to reflect the seriousness of this offense, promote respect for the law in this Defendant and others, provide just punishment, afford deterrence, and protect the public. Based upon this, the Defendant's request for release will be denied.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 34) is DENIED.

DATED this 6th day of November, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge